IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN WEBBER; JONATHAN ST. GODDARD; RHONDA MOUNTAIN CHIEF; DAVID MOUNTAIN CHIEF, | ) ) ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) No. 25-2717 |
| U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity; THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) |
| Defendants-Appellees. | ) |

**APPELLEES' MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION**

Plaintiffs appeal an interlocutory order transferring their case to another federal court. The district court determined that the U.S. Court of International Trade (Trade Court) had exclusive subject-matter jurisdiction over plaintiffs' challenge to tariffs imposed on Canadian goods under the International Emergency Economic Powers Act and section 232 of the Trade Expansion Act of 1962. The district court accordingly transferred the case to the Trade Court under 28 U.S.C. § 1631, which permits a federal court without jurisdiction to transfer a case to one with jurisdiction.

This Court lacks appellate jurisdiction to review the district court's interlocutory transfer order. This Court reviews final orders, but an order transferring a case under 28 U.S.C. § 1631 for litigation to continue in another court is necessarily

not final. It is not an immediately appealable collateral order, either, as every circuit to confront this question has concluded. This Court should accordingly dismiss plaintiffs' appeal for lack of appellate jurisdiction.

## ARGUMENT

### A.   THIS COURT LACKS JURISDICTION TO REVIEW AN ORDER TRANSFERRING A CASE UNDER 28 U.S.C. § 1631 TO THE TRADE COURT

This Court's jurisdiction in civil cases is generally limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. A district court's order is "final" when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 (1981) (quotation omitted).

This Court may also entertain appeals from a "small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quotation omitted). "To establish jurisdiction under the collateral order doctrine, the appellants must show," among other things, that the order "is effectively unreviewable on appeal from a final judgment." *Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766 (9th Cir. 2017).

The district court's order transferring plaintiffs' case to the Trade Court, however, is neither final nor collateral. The order did not end the litigation on the merits, and the order is effectively reviewable by the Federal Circuit on appeal from a final judgment of the Trade Court. This Court thus lacks appellate jurisdiction.

2

**1.** The district court's transfer order is not "final" within the meaning of 28 U.S.C. § 1291. An order must "end[] litigation on the merits" to be final. *Firestone*, 449 U.S. at 373. But here, litigation on the merits (including any threshold challenges to plaintiffs' claims) will proceed in the Trade Court. As section 1631 itself explains, a case transferred under its provisions "shall proceed as if it had been filed in" the transferee court. As such, this Court's sibling circuits uniformly have concluded that section 1631 orders are not final. *See, e.g.*, *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47 (1st Cir. 2006) ("Although the issue is one of first impression in this circuit, every court of appeals to have confronted it has concluded that section 1631 transfer orders are not immediately appealable.") (collecting cases).

That conclusion comports with the rule that similar orders transferring cases under 28 U.S.C. §§ 1404 and 1406 for change or want of venue "are interlocutory in nature and are not appealable prior to final judgment." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 32 (9th Cir. 2025) (quotation omitted). After a district court orders transfer to a new venue, litigation continues in the transferee court. Transfer under section 1631 for lack of jurisdiction is no different. *Ukiah Adventist Hosp. v. Fed. Trade Comm'n*, 981 F.2d 543, 547 (D.C. Cir. 1992) (noting "the common sense view that section 1631 orders are interlocutory for the same reason that venue transfers are: the very purpose of transfer provisions is to allow the case to continue, rather than terminating it"). The district court's transfer order is thus not an appealable final order.

3

**2.** The district court's transfer order is not an appealable collateral order, either. Again, an order, as a class, may be immediately reviewable as a collateral order only if, among other things, the order would be "effectively unreviewable on appeal from a final judgment." *Breazeale*, 878 F.3d at 766. But section 1631 transfer orders are "effectively reviewable by the transferee circuit court," as every circuit to address this question has concluded. *Cruz v. Ridge*, 383 F.3d 62, 65 (2d Cir. 2004) (per curiam); *Ukiah*, 981 F.2d at 546–48; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 262 (4th Cir. 2002); *Fed. Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996); *Persyn v. United States*, 935 F.2d 69, 73 (5th Cir. 1991); *Alimenta (USA) v. Lyng*, 872 F.2d 382, 384–85 (11th Cir. 1989); *Kinder v. City of Myrtle Beach*, 2015 WL 4456562, at *1 (6th Cir. July 20, 2015) (unpublished); *United States ex rel. Felton v. Allflex USA, Inc.*, 155 F.3d 570 (Fed. Cir. 1998) (unpublished).

Review of the district court's order is available to plaintiffs after a final judgment because the Trade Court "can determine the question of its own jurisdiction," *Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995), subject to review by the Federal Circuit, *see, e.g.*, *Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1371 (Fed. Cir. 2019) (reversing the Trade Court's determination that it had jurisdiction). Plaintiffs could even ask the Trade Court "to retransfer the action to the transferor court," the denial of which would likewise be "reviewable in the transferee circuit" after final judgment is entered. *Posnanski v. Gibney*, 421 F.3d 977, 980–81 (9th Cir. 2005). Either way, the proper venue to review the district court's transfer order

4

determining that the Trade Court had exclusive jurisdiction is the Federal Circuit, and the proper time for that review is after the Trade Court enters a final judgment. Accordingly, the order is not immediately appealable, and the Court should dismiss plaintiffs' appeal.

## CONCLUSION

For these reasons, the Court should dismiss plaintiffs' appeal for lack of appellate jurisdiction.

Dated: May 1, 2025                                         Respectfully submitted,

*Of Counsel:*

ALEXANDER K. HAAS
   *Director*
   *Federal Programs Branch*

STEPHEN M. ELLIOTT
   *Assistant Director*
   *Federal Programs Branch*


SOSUN BAE
   *Senior Trial Counsel*

CATHERINE M. YANG
BLAKE W. COWMAN
COLLIN T. MATHIAS
   *Trial Attorneys*
   *U.S. Department of Justice, Civil Division*
   *Commercial Litigation Branch*

YAAKOV M. ROTH
   *Acting Assistant Attorney General*

ERIC J. HAMILTON
   *Deputy Assistant Attorney General*
   *Federal Programs Branch*

PATRICIA M. McCARTHY
   *Director, National Courts*

s/Claudia Burke
CLAUDIA BURKE
   *Deputy Director, National Courts*

s/Justin R. Miller
JUSTIN R. MILLER
   *Attorney-In-Charge*
   *International Trade Field Office*

s/Luke Mathers
LUKE MATHERS
   *Trial Attorney*
   *U.S. Department of Justice, Civil Division*
   *Commercial Litigation Branch*
   *26 Federal Plaza, Room 346*
   *New York, NY 10278*
   *(212) 264-9236*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rules 27-1(1)(d) and 32-3 because it contains 1,012 words and 5 pages. This Motion complies with the typeface and the type-style requirements of Federal Rule of Appellate Procedure 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

*/s/ Luke Mathers*
LUKE MATHERS