No. 25-2717

___

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

___

Susan Webber, Jonathan St. Goddard,
Rhonda Mountain Chief and David Mountain Chief,
*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, THE UNITED
STATES OF AMERICA, and,
in her official capacity, KRISTI NOEM
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Montana
No. CV 25-26-GF-DLC
Hon. Dana Christensen

___

## APPELLANT'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS

___

Monica J. Tranel
TRANEL LAW FIRM, P.C.
401 Washington Street
Missoula, MT  59802
(406) 926-2662
mtranel@tranelfirm.com

*Attorneys for Appellants*
Susan Webber, Jonathan St. Goddard,
Rhonda Mountain Chief and David Mountain Chief

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**                                    1

## ARGUMENT OPPOSING MOTION TO DISMISS

This Court reviews its own jurisdiction *de novo*.[1]

The law is settled: transfer orders are only appealable in the circuit of the transferor court.[2] Ninth Circuit law is clear:

> We do not have jurisdiction to review the Northern District of Georgia's transfer order, as transfer orders "are reviewable only in the circuit of the transferor district court."[3]

This Court has held in case after case: the *only* remedy Appellants have from the transfer order is here.[4] In *Posnanski*, this Court found:

> We know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit. Such **transfer orders**, as we now hold, **are reviewable only in the circuit of the transferor district court**.[5]

The Ninth Circuit expressly applied this rule to transfers under 28 U.S.C. § 1631 (We see no reason why a different rule would apply to other statues, such as 28 U.S.C. § 1631). The government concedes this point at p. 3: "[t]ransfer under

---

[1] *S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of Cal.*, 90 F.4th 953, 957 (9th Cir. 2024); *Falck v. Scott Griffith, LLC,* 25 F.4th 763, 765 (9th Cir. 2022).
[2] *Rigsby v. Godaddy Inc.*, 59 F.4th 998 (9th Cir. 2023), *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005); see also, *In re U.S. Dept of Educ.*, 25 F.4th 692, 698 (9th Cir. 2022) (Our case law is clear that we do not have jurisdiction to review the procedural or substantive propriety of the Florida court's transfer order.).
[3] *Rigsby,* 59 F.4th at 1004.
[4] *Posnanski*, 421 F.3d at 980-81.
[5] *Posnanski*, 421 F.3d at 980, citing *American Fidelity Fire Ins. Co. v. United States District Court*, 538 F.2d 1371, 1376–77 & n. 4 (9th Cir.1976); also citing 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846, at 359 (1986).

section 1631 [..] is no different from a transfer order under 28 U.S.C. §§ 1401, 1406."

The government argues that because the transfer order is interlocutory it is not reviewable. That puts the cart before the horse. In *Subsalve* the First Circuit reviewed a transfer order by the District of Rhode Island to determine if it was final.[6] That supports the Appellant's argument that the Ninth Circuit – and only the Ninth Circuit – can review the District of Montana's transfer Order.[7]

The transfer order leaves Appellants with no forum for relief and as such, it is a final order and reviewable in this Court on a *de novo* basis.[8] The District Court's denial of its own jurisdiction kicks these enrolled tribal members bringing a constitutional claim under the Indian Commerce Clause into no-man's land. That is effectively case ending, and a final order reviewable under 28 U.S.C. § 1291 and the collateral order doctrine.[9]

In *Gower v. Lehman*, 799 F.2d 925, 927 (4th Cir.1986), the Fourth Circuit relied on the collateral order doctrine to review a district court's transfer to the Claims Court. The Fourth Circuit vacated and remanded for a decision on the

---

[6] *Subsalve Corp. v. Watson Mfg., Inc.*, 462 F.3d 41 (1st Cir. 2006).
[7] See Appellant's Brief for Preliminary Injunction Doc. 5.1.
[8] Document 46, Brief in support of motion for Rule 59 relief.
[9] *Leclair v. Dzurenda*, 23-15334 (9th Cir. 2025); *Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022), and see *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024)(*de novo* review).

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**　　　　　　　　　　　　3

merits, finding that the district court had jurisdiction and consequently erred in ordering the transfer.[10]

Here, the District Court never addressed a "want" of jurisdiction under 28 U.S.C. § 1631; rather, it found that the CIT had exclusive jurisdiction. That is incorrect and leaves the Appellants without a forum to be heard. The District Court erred in conflating Indian Tribes with foreign nations. The CIT *has no jurisdiction* over Indian Tribes. The jurisprudence interpreting Indian Tribes and the Commerce Clause of Article I, Section 8, Clause 3 makes this point very clear.

The text of Article I, Section 8, Clause 3 provides: "Congress shall have Power…To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." The Commerce Clause draws a clear distinction between "States," "foreign Nations," and "Indian Tribes."[11]

The District Court's fundamental error was to consider transfer akin to venue.[12] The Indian Commerce Clause of Article I, Section 8, Clause 3, makes this far more than a question of dueling jurisdictions.[13] It is a fundamental jurisdiction issue and the CIT has no jurisdiction. The transfer Order sends the Appellants out

---

[10] *Gower v. Lehman*, 799 F.2d 925 (4th Cir. 1986), citing *Goble v. Marsh*, 684 F.2d 12 (D.C.Cir.1982) (transfer order appealable).
[11] *Cotton Petroleum Corp. v. New Mexico*, 490 U.S. 163, 191-92 (1989); *Cherokee Nation v. Georgia*, 5 Pet. 1, 18, 8 L.Ed. 25 (1831).
[12] Doc. 40, Order p. 16.
[13] Doc. 40, citing *K-Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 183 (1988).

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**                                                  4

of Court completely with no available redress for their Constitutional claims. It does what the federal government has done too many times to the Indian Tribes – leaves them nowhere to go.

The Commerce Clause distinguishes Indian Tribes from foreign nations. Congress has plenary authority over Indian commerce.[14] The CIT's jurisdiction under 28 U.S.C. § 1581(i) applies only to international trade matters. It does not grant authority over tribal commerce, rendering the transfer legally invalid. The District Court has exclusive jurisdiction over Indian Tribes as set out in 28 U.S.C. § 1362 and in Article III § 2 Cl. 1.

The specific grant of jurisdiction to District Courts in § 1362 means there is no jurisdiction at the CIT. 28 U.S.C. § 1362 confers jurisdiction over *all* civil actions, brought by an Indian tribe (which includes individuals that comprise the Tribe),[15] that *arise under the Constitution*, laws, or treaties of the United States.[16]

To transfer this case to the Court of International Trade under § 1631, the District Court was required to first determine that it *lacked* jurisdiction. It did not make that finding. This Court has jurisdiction to review the District Court's order, and should do so on the merits. The government's motion to dismiss should be

---

[14] *Cotton Petroleum*, 490 U.S. at 191-92, *Cherokee Nation,* at 18.
[15] *U.S. v. Holliday*, 70 U.S. 407, 418 (1865); *Haaland v. Brackeen,* 599 U.S. 255, 274-75 (2023).
[16] *Coeur D'Alene Tribe v. Hawks*, 933 F.3d 1052 (9th Cir. 2019), citing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 663 (1974)

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS** 5

denied. The constitutional claims brought by enrolled members of the Blackfeet Tribe can only be heard in an Article III District Court. Review of the Montana District Court's orders can only be heard in the Ninth Circuit.[17]

The government does not dispute this. Rather, it suggests that these individual litigants should trot off to New York to file a motion to retransfer in the Court of International Trade. The government acknowledges that the practical outcome of that would be everyone ending up right back in front of this Court. The government is simply seeking to extend the time it takes for Appellants to obtain redress, and increase costs for these individual litigants.[18]

This should be rejected out of practical concerns, not to mention basic fairness.[19] 28 U.S.C. § 1292 does not give the CIT, or the Federal Circuit, jurisdiction to review the transfer order. This statute explicitly sets out a process and grants authority to the Federal Circuit to review transfer actions to the Court of Federal Claims. The statute is silent with respect to the Court of International Trade. Congress created these courts, and explicitly set out when jurisdiction was to be exercised.[20] Neither the CIT nor the Federal Circuit Court have jurisdiction over the transfer order. Here, review of the transfer decision is necessary to

---

[17] *Holliday*; *Worcester v. State*, 31 U.S. 515, 580-581 (1832).
[18] *Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1 (9th Cir. 2025).
[19] *DeMartini v. DeMartini*, 19-16603, 19-16940 (9th Cir. 2023).
[20] 28 U.S.C. § 1292.

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**　　　　　　　　　　6

determine the District Court's authority to rule on the issues of the case. This is about jurisdiction, not venue, and is reviewable by this Court.[21]

The government argues that the Federal Circuit is the "proper venue to review the district court's transfer order." Memo p. 4-5. No authority is cited for that statement. Every case it cites holds exactly the opposite:[22]

> When a case has been transferred from one district court to another […] and an appeal is brought from a decision by the transferee court, the court of appeals *does not have jurisdiction to review the change of venue order entered by the transferor court*.

The result of the government's argument is this: Appellants get kicked out of the Montana District Court for lack of subject matter jurisdiction, but cannot seek review of that decision in the Federal Court of Claims. No case supports that outcome. In *In re U.S. Dep't of Educ*, this Court held that it has jurisdiction to review a district court's determination of subject matter jurisdiction.[23] There is no question that the Ninth Circuit is the correct place for Appellants' to seek review of the transfer order. This Court should deny the motion to dismiss, grant the preliminary injunction, and vacate the transfer Order.

---

[21] *Mont. Wildlife Fed'n*, citing *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1110 (9th Cir. 2016) (jurisdictional issues implicate court's authority to hear a suit), and also *Wachovia Bank v. Schmidt* 546 U.S. 303, 316 (2006).
[22] *Jarrett v. Terrell*, 21-55263 (9th Cir. 2022), *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005).
[23] *Cardona v. U.S. Dist. Court for the N. Dist. of Cal. (.)*, 25 F.4th 692, 698 (9th Cir. 2022); citing *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (reviewing a Pennsylvania district court's jurisdiction to enter a transfer order).

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS** 7

The government would have this Court stand the intent and purpose of Section 1631 upside down. Section 1631 was enacted to make sure parties did not lose the chance to present the merits of their case if they accidentally filed in the wrong venue.[24] It was not intended as a sneak around to deprive Indian Tribes of a forum to be heard on constitutional claims arising under the Indian Commerce Clause.

The government argues that "section 1631 transfer orders are "effectively reviewable by the transferee circuit court" [..]" Memo p. 4. Every single case cited by the government is from a Circuit Court reviewing an in-circuit district court transfer decision. Every case is authority for rejecting the government's motion.

- *Cruz v. Ridge:* The Second Circuit reviewed a transfer order from the Western District of New York.[25] This is authority for the Ninth Circuit to review the District Court of Montana's transfer order.

- *Ukiah Adventist Hosp.*: The Court of Appeals for the D.C. Circuit reviewed a transfer by the D.C. District Court to the Ninth Circuit under the All Writs Act.[26] That affirms the Ninth Circuit's authority to decide the appeal and the injunction request.

---

[24] *Park v. Heston et al*, 245 F.3d 665, 667 (8th Cir. 2001).
[25] *Cruz v. Ridge*, 383 F.3d 62, 84 (2nd Cir. 2004).
[26] *Ukiah Adventist Hosp. v. F.T.C.*, 981 F.2d 543, 545, 551 (D.C. Cir. 1993), citing 28 U.S.C. § 1651(a) (1988).

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**     8

- *In re Carefirst of Maryland*: The Fourth Circuit reviewed a Maryland district court transfer of a case to Kentucky.[27] *Carefirst* is authority for this Court reviewing the merits of the transfer order on jurisdiction grounds. The Court noted that "in a case involving the lack of *subject matter jurisdiction*, this court has concluded that *a section 1631 transfer order was immediately appealable*.[28]

- *F.D.I.C. v. McGlamery*: Tenth Circuit review of a New Mexico district court transfer of a case to the 5th circuit.[29] The court addressed timing of the appeal under the "collateral order" exception.[30] This case supports keeping the appeal at the Ninth Circuit and rejecting the government's motion to dismiss.

- *Persyn*: The Fifth Circuit reviewed a transfer order from the Western District of Texas and determined that the collateral order doctrine did not apply.[31] Again, authority for the Ninth Circuit to review a transfer order from the District of Montana.

- *Alimenta*: The Eleventh Circuit reviewed a transfer order out of the Northern District of Georgia and found the collateral order doctrine

---

[27] *In re Carefirst of Maryland, Inc.*, 305 F.3d 253 (4th Cir. 2002)
[28] *Carefirst*, 305 F.3d at 256, *Gower v. Lehman*, 799 F.2d 925 (4th Cir. 1986).
[29] *F.D.I.C. v. McGlamery*, 74 F.3d 218 (10th Cir. 1996).
[30] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).
[31] *Persyn v. U.S.*, 935 F.2d 69 (5th Cir. 1991).

did not apply to the transfer.[32] More authority for the Ninth Circuit to review a transfer order from the District of Montana.

- *Kinder v. City of Myrtle Beach*: The Sixth Circuit reviewed the Ohio District Court's order transferring the case.[33] More authority for the Appellants' position.

- *Allflex USA* (unpublished), addresses timing of appeal. Nothing supports the government's argument.[34]

The government next argues that the CIT can determine its own jurisdiction, and then the Federal Circuit will review that decision. Memo p. 4. This Court – an Article III Court of initial jurisdiction over constitutional claims and Indian Tribes – also decides its own jurisdiction, and it does so on a *de novo* basis: "federal law determines federal jurisdiction, and we review our jurisdiction de novo."[35]

Appellants' challenge is based on the Indian Commerce Clause that gives exclusive jurisdiction to regulate commerce "with the Indian Tribes" to Congress. Appellants are enrolled members of the Blackfeet Nation. This Court is the *only* court with jurisdiction to review constitutional claims – the only claims raised by

---

[32] *Alimenta (USA), Inc. v. Lyng*, 872 F.2d 382 (11th Cir. 1989).
[33] *Kinder v. City of Myrtle Beach*, 2015 WL 4456562 (6th Cir. 2015)(unpublished).
[34] *United States v. Allflex USA, Inc.*, 155 F.3d 570 (Fed. Cir. 1998) (unpublished).
[35] *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC,* 25 F.4th 763, 765 (9th Cir. 2022); see also *Parsons v. Ryan*, 912 F.3d 486, 503 (9th Cir. 2018).

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**            10

these Appellants.[36] Under 28 U.S.C. § 1362 the District Court has exclusive jurisdiction over Indian Tribes. The Court of International Trade does not.

Appellants filed for a preliminary injunction for immediate irreparable harm on April 5, 2025 – nearly a month ago. No hearing has been held, no action has been taken, and nothing has been done to redress Appellants' request for immediate relief from the harm they are experiencing every day. Sixteen declarations have been submitted by real people, who plant and grow food, support families and communities. They are experiencing harm every day.

Farmers are being forced to make planting decisions literally while on their tractors in the fields. This is not about money – it is a way of life. A preliminary injunction can be heard in the appellate court when the district court fails to rule.[37] The district court's failure to address Appellant's request for injunctive relief is immediately reviewable under 28 U.S.C. § 1292(a)(1).[38]

## CONCLUSION

The government's motion to dismiss should be denied. Appellants request an expedited ruling on their pending motion for a preliminary injunction (Doc. 5.1).

---

[36] *Califano v. Sanders*, 430 U.S. 99, 109 (1977)(it is a well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed); *Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990).
[37] FRAP 8(a)(2)(A).
[38] *Transworld Airlines v. American Coupon Exchange*, 913 F.2d 676, 680 (9th Cir. 1990).

APPELLANT'S OPPOSITION TO MOTION TO DISMISS                                                    11

DATED this 2nd day of May, 2025.

                                  TRANEL LAW FIRM P.C.

                                  */s/ Monica J. Tranel*
                                  Monica J. Tranel
                                  *Attorneys for Appellants*

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS**                       **12**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rules 27-1(1)(d) and 32-3, I certify that the foregoing brief has a word count including footnotes as calculated by Microsoft Word for Mac of 2,565 words, excluding the certificate of compliance, and does not exceed 20 pages.

DATED this 2nd day of May, 2025.

TRANEL LAW FIRM P.C.

/s/ Monica J. Tranel
Monica J. Tranel
*Attorneys for Appellants*