# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SUSAN WEBBER; JONATHAN ST. GODDARD; RHONDA MOUNTAIN CHIEF; DAVID MOUNTAIN CHIEF, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | No. 25-2717 |
| U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity; THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

## APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

Plaintiffs appeal an interlocutory order that transfers their case, under 28 U.S.C. § 1631, from the District of Montana to the U.S. Court of International Trade (Trade Court), which the district court determined has exclusive subject-matter jurisdiction over plaintiffs' challenge to the President's tariffs. They suggest this Court has appellate jurisdiction to review that interlocutory order on three grounds: that the transfer order would be effectively unreviewable in the Trade Court and the U.S. Court of Appeals for the Federal Circuit, that transfer for lack of subject-matter jurisdiction under section 1631 should be treated differently from transfers for other reasons, and that "practical concerns" and "basic fairness" require this Court's

immediate review. DktEntry 9.1 (Opp.). Each argument fails for straightforward reasons.

**1.** Plaintiffs' primary response (Opp. 2–10) is that the district court's transfer order would be effectively unreviewable absent an interlocutory appeal. Not so. Courts have uniformly concluded that section 1631 transfer orders are effectively reviewable in the transferee circuit after final judgment. *See, e.g.*, *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47 & n.4 (1st Cir. 2006) (collecting cases holding that section 1631 transfer orders are not immediately appealable and explaining that no "exceptions" to "the finality principle" apply "to a section 1631 transfer order"). None of these courts, contrary to plaintiffs' contention (Opp. 8–10), "reviewed" a section 1631 transfer order. Instead, each dismissed an appeal of such an order for lack of appellate jurisdiction.

This case is not an exception to that rule. Plaintiffs evidently fear that the Trade Court will conclude that it lacks subject-matter jurisdiction, and that they will then be deprived of any forum. That is unlikely to occur, both because the Trade Court is presently exercising jurisdiction over several similar cases and because the Trade Court could simply retransfer the case to Montana if it did for some reason conclude that it lacks jurisdiction. Either way, plaintiffs will not lack a forum.

Plaintiffs likewise misread (Opp. 2–3) *Posnanski v. Gibney*, 421 F.3d 977 (9th Cir. 2005), and *Rigsby v. GoDaddy Inc.*, 59 F.4th 998 (9th Cir. 2023). Those decisions reaffirm that a circuit court only reviews the orders of district courts within its

2

circuit—not that a transferor circuit has appellate jurisdiction under 28 U.S.C. § 1291 over an interlocutory transfer order. *Posnanski*, 421 F.3d at 980 ("If Posnanski disagreed with the transfer[,] … he should have sought review, by whatever means were available to him, in the Seventh Circuit."); *Rigsby*, 59 F.4th at 1004 ("Rigsby's remedy, if any, lies in the Eleventh Circuit."). They did nothing to change the settled rule in this circuit that transfer orders are "interlocutory in nature and are not appealable prior to final judgment." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 32 (9th Cir. 2025) (quotation omitted).

Plaintiffs claim (Opp. 2–3) that because the Federal Circuit cannot directly review the district court's transfer order, the Federal Circuit cannot review the question of which court has jurisdiction. Not so. The Trade Court first determines whether it has exclusive jurisdiction, as the district court concluded. Doc. 40 at 15 (quoting *United States v. Universal Fruits & Vegetables Corp.*, 370 F.3d 829, 836–37 (9th Cir. 2004)). The Federal Circuit can then review the Trade Court's decision on jurisdiction. 28 U.S.C. § 1295(a)(5). At that point, plaintiffs can make all of their jurisdictional arguments. And as *Posnanski* explains, plaintiffs could even ask the Trade Court "to retransfer the action to the transferor court," the denial of which would likewise be "reviewable in the transferee circuit" after final judgment is entered. 421 F.3d at 980–81. Either way, the district court's transfer order is effectively reviewable within the Federal Circuit. *In re Carefirst of Md., Inc.*, 305 F.3d 253, 259 (4th Cir. 2002) (explaining that even though "a transfer order issued by a district court

3

outside the [reviewing circuit] is not directly reviewable on appeal," the order is still effectively reviewable through, for example, "a motion to retransfer the case").

Plaintiffs also point (Opp. 3–4) to *Gower v. Lehman*, 799 F.2d 925 (4th Cir. 1986)—an inapposite outlier decision that does not help them. In *Gower*, an order transferring a case under section 1631 to the Court of Federal Claims was effectively unreviewable due only to "quirks" of that court's jurisdiction resulting in "concurrent jurisdiction" with district courts. *Carefirst*, 305 F.3d at 256–58 (distinguishing *Gower* on this basis); *see Subsalve*, 462 F.3d at 47 n.3 (observing that the Fourth Circuit effectively limited *Gower* to its facts in *Carefirst*). Specifically, district courts and the Court of Federal Claims have concurrent jurisdiction over claims against the United States under $10,000, but only the Court of Federal Claims has jurisdiction to hear claims over that amount. *Carefirst*, 305 F.3d at 258. Section 1631 transfer from a district court to the Court of Federal Claims would thus never be effectively reviewable because, even if a district court erroneously transferred a claim for less than $10,000, the Court of Federal Claims would still have jurisdiction. *Id.*

*Gower* has no relevance here. First, the Trade Court shares none of the Court of Federal Claims' jurisdictional quirks. Its subject-matter jurisdiction is "exclusive" of all other district courts. 28 U.S.C. § 1581; *K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182–83 (1988) (district courts are "divested of jurisdiction" if an action falls "within one of several specific grants of exclusive jurisdiction to the" Trade Court). The district court's transfer order determining that the Trade Court has exclusive

4

jurisdiction over plaintiffs' action will therefore not evade appellate review in the Federal Circuit and, accordingly, is not immediately appealable as a collateral order. Plus, *Gower* has since been superseded by statute. Shortly after *Gower* was decided, Congress enacted 28 U.S.C. § 1292(d)(4)(A) to vest the Federal Circuit with exclusive jurisdiction to hear appeals of otherwise unappealable interlocutory orders granting or denying section 1631 transfer to the Court of Federal Claims, an Article I court. *Carefirst*, 305 F.2d at 258 n.3. The decision no longer has effect, and it changes nothing here.

**2.** Second, an order transferring a case under section 1631 is not "effectively" a "case ending" order dismissing a case for lack of jurisdiction, as plaintiffs suggest (Opp. 3). "This argument mischaracterizes the District Court's order, for the court did not dismiss the case. A transfer order keeps the case alive; an order dismissing the case brings the action to an end." *Ukiah Adventist Hosp. v. Fed. Trade Comm'n*, 981 F.2d 543, 547 (D.C. Cir. 1992). The district court's transfer order is thus not appealable as a final order under 28 U.S.C. § 1291, either.

**3.** Last, plaintiffs' appeals to "practical concerns" and "basic fairness" (Opp. 6) cannot vest this Court with appellate jurisdiction that it does not have. Nor are these concerns relevant to the propriety of transfer for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1631. Plaintiffs are the ones who have "extend[ed] the time it takes" to seek relief and "increase[d]" their "costs" (Opp. 6) by filing this appeal instead of seeking redress in the Trade Court.

5

## CONCLUSION

For these reasons, the Court should dismiss plaintiffs' appeal for lack of appellate jurisdiction.

Dated: May 6, 2025

Respectfully submitted,

*Of Counsel:*

ALEXANDER K. HAAS
   *Director*
   *Federal Programs Branch*

STEPHEN M. ELLIOTT
   *Assistant Director*
   *Federal Programs Branch*

SOSUN BAE
   *Senior Trial Counsel*

CATHERINE M. YANG
BLAKE W. COWMAN
COLLIN T. MATHIAS
   *Trial Attorneys*
   *U.S. Department of Justice, Civil Division*
   *Commercial Litigation Branch*

YAAKOV M. ROTH
   *Acting Assistant Attorney General*

ERIC J. HAMILTON
   *Deputy Assistant Attorney General*
   *Federal Programs Branch*

PATRICIA M. McCARTHY
   *Director, National Courts*

s/Claudia Burke
CLAUDIA BURKE
   *Deputy Director, National Courts*

s/Justin R. Miller
JUSTIN R. MILLER
   *Attorney-In-Charge*
   *International Trade Field Office*

s/Luke Mathers
LUKE MATHERS
   *Trial Attorney*
   *U.S. Department of Justice, Civil Division*
   *Commercial Litigation Branch*
   *26 Federal Plaza, Room 346*
   *New York, NY 10278*
   *(212) 264-9236*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rules 27-1(1)(d) and 32-3 because it contains 1,211 words and 6 pages. This Motion complies with the typeface and the type-style requirements of Federal Rule of Appellate Procedure 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

/s/ Luke Mathers
LUKE MATHERS