# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SUSAN WEBBER, et al.,

        Plaintiffs-Appellants,

   v.

U.S. DEPARTMENT OF HOMELAND SECU-
RITY, et al.

        Defendants-Appellees.

No. 25-2717

**APPELLEES' OPPOSITION TO MOTION FOR EXPEDITION**

The government respectfully submits this response to plaintiffs' motion to expedite this appeal. The motion should be denied. To the extent the Court takes any action in response, the schedule for this appeal should be aligned with the schedule for *California v. Trump*, No. 25-3493, in which an opposed motion to expedite is pending.

1. Plaintiffs brought this suit in the District of Montana seeking to challenge tariffs imposed by the President under the International Emergency Economic Powers Act (IEEPA) in response to two declared emergencies, as well as tariffs imposed under Section 232 of the Trade Expansion Act

of 1962.  Plaintiffs sought a preliminary injunction.  The government moved to transfer this suit to the Court of International Trade (CIT), which has exclusive jurisdiction over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" or "administration and enforcement" of such tariffs.  28 U.S.C. § 1581(i)(1)(B), (D).  The district court granted the government's motion and ordered the case transferred to the CIT under 28 U.S.C. § 1631 without passing on plaintiffs' preliminary injunction motion.  Dkt. No. 40.

2.     Plaintiffs appealed the transfer order to this Court.  They also sought reconsideration from the district court, and a few days later, sought an injunction pending appeal from this Court.  The government filed a motion to dismiss the appeal for lack of jurisdiction, *see, e.g.*, *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47 (1st Cir. 2006) (collecting cases holding § 1631 transfer orders are not appealable), and opposed the motion for injunction pending appeal.  A panel of this Court denied the motion to dismiss "without prejudice to renewing the arguments in the answering brief" and referred the motion for injunction pending appeal "to the panel assigned to

the merits of this appeal." Order at 1 (May 23, 2025). The panel further stayed proceedings in this Court until the district court ruled on plaintiffs' reconsideration motion. *Id.*

3.  On June 2, the district court denied the motion for reconsideration, explaining that transfer remained appropriate given the CIT's "express finding of its own jurisdiction" in separate suits challenging some of the same tariffs at issue here. Dkt. No. 58 at 7; *see V.O.S. Selections, Inc. v. United States*, __ F. Supp. 3d __, 2025 WL 1514124, at *7-8 (C.I.T. May 28, 2025). The court also rejected arguments plaintiffs raised for the first time in their reconsideration motion. *Id.* at 8-13. And the court reiterated that its transfer order was not a dismissal, but instead simply a transfer order that "kept alive" plaintiffs' suit, including their pending motion for a preliminary injunction, which could be addressed by the CIT. *Id.* at 13. Plaintiffs then sought an expedited briefing schedule from this Court.

4.  Plaintiffs' motion does not articulate any reason why expedition would be appropriate in this case, much less attempt to meet the "good cause" standard this Court applies to such motions. Mot. 1; *see* 9th Cir. R. 27-12 ("Motions to expedite briefing and hearing may be filed and will be

granted upon a showing of good cause."). That alone warrants denial of the motion.

Plaintiffs separately request that the Court rule on their pending motion for injunction pending appeal, suggesting that a ruling is needed because they face "immediate and ongoing harm" from the challenged tariffs and noting that they filed their preliminary injunction motion on April 5. Mot. 2. Plaintiffs' motion can be denied for the reasons explained in the government's opposition, including that plaintiffs have no likelihood of demonstrating that this Court has appellate jurisdiction over a transfer order. To the extent plaintiffs intend to suggest that expedition is warranted because they have yet to receive a ruling on the preliminary injunction motion they filed on April 5, *cf.* Mot. 2, any delay in receiving a ruling on that motion—and the continuation of any purported "immediate and ongoing harm"—is entirely of plaintiffs' own making. As the district court explained, the CIT could have addressed plaintiffs' motion after the case was transferred, but plaintiffs have instead chosen to delay action both by seeking reconsideration from the district court and by attempting to appeal the transfer order to this Court. That self-inflicted delay provides no basis for expedition here.

- 4 -

5.     Another appeal from a case challenging some of the same tariffs at issue here is currently pending before this Court.  *See California v. Trump*, No. 25-3493.  The plaintiffs in *California* have also sought expedition, which the government has opposed.  To the extent the Court takes any action to alter the schedule that would ordinarily apply here, the schedule should be aligned with the schedule the Court sets for *California*.

## CONCLUSION

For these reasons, plaintiffs' motion to expedite should be denied.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD

*/s/ Daniel Winik*
DANIEL WINIK
SOPHIA SHAMS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7245*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 305-8849

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 816 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik