

MONICA J. TRANEL, ESQ.
TRANEL LAW FIRM, P.C.

*Office Phone: 406-926-2662*
*Email: mtranel@tranelfirm.com*
*Website: www.tranelfirm.com*

401 Washington Street
Missoula, MT 59802

September 2, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    RE:    Cause No. 25-2717 *Webber v. USA et al.*
             Supplemental Authority Rule 28(j)

Dear Clerk Dwyer:

Pursuant to FRAP 28(j) and Circuit Rule 28-6, Appellants Susan Webber, Jonathan St. Goddard, and Rhonda and David Mountain Chief, submit the attached opinion *V.O.S. Selections, Inc. v. Trump,* Nos. 25-1812 & 25-1813 (Federal Circuit August 29, 2025).The Federal Circuit upheld the Court of International Trade's decision finding the Administration's tariffs unconstitutional.

Relevant to *Webber v. U.S.A.*, the court noted: "IEEPA […] does not have a residual clause granting the President powers beyond those which are explicitly

Notice of Supplemental Authority
Rule 28(j) Letter
Page 2 of 3
September 2, 2025

listed." *Id*. p. 19; accord *Learning Resources v. Trump*, 2025 WL 1525376 (D.D.C. May 29, 2025).

IEEPA is silent regarding commerce with Indian Tribes, or any delegation of authority to the President to regulate such commerce. The consistent through line in constitutional text, Supreme Court precedent, and statutory law is that Congress holds exclusive authority over commerce with Indian Tribes. *VOS Selections* confirms that authority was not delegated to the President in IEEPA.

Neither IEEPA nor the Trade Expansion Act of 1962 address Indian commerce. The President has no authority to act and the Canada Orders at issue in *Webber* are unconstitutional. *Haaland v. Brackeen*, 143 S.Ct. 1609, 1652-1654 (2023, Gorsuch concurring opinion); *McGirt v. Oklahoma*, 140 S.Ct. 2452, 2462 (2022) (Congress must be explicit when legislating regarding Indian law, "[S]aving the political branches [from] embarrassment […] is not one of our constitutionally assigned prerogatives."); *Oklahoma v. Castro-Huerta,* 142 S.Ct. 2486, 2495 (2020) (the text of a law controls over purported legislative intentions); and *Herrara v. Wyoming*, 139 S.Ct. 1686, 1689 (2019) (If Congress seeks to abrogate treaty rights, "it must clearly express its intent to do so.")

The President has no authority to impose tariffs on tribes, and the Court of International Trade has no jurisdiction over Webber's constitutional claims.

Notice of Supplemental Authority
Rule 28(j) Letter
Page 3 of 3
September 2, 2025

      The White House announced on September 1, 2025 that its "trade policy has driven more than $8 trillion in new U.S. investment" and trade deals are driving "hundreds of billions of dollars in new revenues." https://www.whitehouse.gov/articles/2025/09/president-trump-is-delivering-for-american-workers/ (last visited September 2, 2025).

      Because the tariffs are intended to raise revenue, the CIT does not have jurisdiction. 28 U.S.C. § 1581(i).

                      MONICA TRANEL

                      /s/ *Monica Tranel*

                      TRANEL LAW FIRM, P.C.

Statement of compliance: In compliance with FRAP 28(j) and Circuit Rule 28-6 the body of the above letter is 347 words.

Copy: Luke Mathers at Luke.Mathers@usdoj.gov
       Bradley Hinshelwood at bradley.a.hinshelwood@usdoj.gov
       Michael Raab at michael.raab@usdoj.gov
       Daniel L. Winik at daniel.l.winik@usdoj.gov
       Sophia Shams at sophia.shams@usdoj.gov
       Sarah Welch at sarah.e.welch@usdoj.gov