IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN WEBBER, et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants-Appellees. | No. 25-2717 |

**MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

The government respectfully requests that this Court hold this case in abeyance, and remove the scheduled oral argument from the calendar, pending the Supreme Court's disposition of the government's petition for a writ of certiorari in *Trump v. V.O.S. Selections, Inc.*, No. 25-250, and the related petition for a writ of certiorari before judgment in a case that (like this one) arises from a federal district court, *Learning Resources, Inc. v. Trump*, No. 24-1287. Plaintiffs oppose this motion.

1. This case principally presents a challenge to the President's authority under the International Emergency Economic Powers Act (IEEPA), Pub. L. No. 95-223, Tit. II, 91 Stat. 1626, to impose tariffs to address certain

national emergencies. The district court held that it lacked jurisdiction because the Court of International Trade (CIT) possesses exclusive jurisdiction over tariff matters, 28 U.S.C. § 1581(i)(1)(B), (D).

2. The same IEEPA tariffs challenged here were also challenged on the same grounds in a suit in the CIT, which held that the tariffs exceeded the President's authority and enjoined their enforcement. The en banc Federal Circuit stayed that injunction. *V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290 (Fed. Cir. June 10, 2025). After briefing and argument, the en banc Federal Circuit unanimously affirmed the CIT's determination that it had jurisdiction. *See V.O.S. Selections, Inc. v. Trump*, 2025 WL 2490634, at *8-9 (Fed. Cir. Aug. 29, 2025) (per curiam); *id.* at *24 (Taranto, J., dissenting) ("agree[ing] with the majority's decision on jurisdiction"). The Federal Circuit majority then affirmed the CIT's ruling on the merits, *id.* at *10-17, while remanding for further consideration of the remedy, *id.* at *17-18. The court stayed its mandate pending Supreme Court review, *V.O.S. Selections, Inc. v. Trump*, 2025 WL 2493525 (Fed. Cir. Aug. 29, 2025), with the consequence that the stay pending appeal remains in effect.

3. Yesterday, the government filed a petition for a writ of certiorari in the Federal Circuit case, along with a motion to expedite the certiorari-

stage and merits proceedings in the Supreme Court. *Trump v. V.O.S. Selections, Inc.*, No. 25-250 (U.S. filed Sept. 3, 2025). The plaintiffs in the Federal Circuit case have indicated that they will not oppose the government's request for Supreme Court review and have agreed to a schedule for expedited consideration. Under that schedule, certiorari-stage proceedings would be complete by September 10, briefing on the merits would be complete by the end of October, and the Supreme Court would hold oral argument in the first week of November. Separately, the plaintiffs in another challenge to these tariffs before a federal district court have filed a petition for a writ of certiorari before judgment, asking the Supreme Court to review their case before the D.C. Circuit does so. Pet., *Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. filed June 17, 2025). Those plaintiffs have asked the Supreme Court to consider their petition alongside the government's petition in the Federal Circuit case; the government does not oppose that request for expedition, although it continues to oppose the petition for a writ of certiorari before judgment.

4. In light of the rapid schedule for forthcoming proceedings in the Supreme Court and the Federal Circuit's unanimous ruling on jurisdiction, it would be a waste of judicial resources for this Court to hear and decide

this case before the Supreme Court has resolved the proceedings before it. The merits of plaintiffs' claims overlap substantially with those before the Supreme Court in *V.O.S. Selections*. Although the implication of plaintiffs' arguments here would be that the CIT (and the Federal Circuit) lacked jurisdiction in that case, the Federal Circuit unanimously concluded that the CIT has exclusive jurisdiction to hear challenges to tariffs imposed under IEEPA. *V.O.S. Selections*, 2025 WL 2490634, at *8-9; *id.* at *24 (Taranto, J., dissenting). That is relevant both because it makes clear there is no serious doubt about the Supreme Court's ability to reach the merits in *V.O.S. Selections* and because, as our brief explains, this Court's precedent calls for deference to the CIT's determination of its exclusive jurisdiction. *See, e.g.*, *Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995). It would be inefficient for this Court to hold further proceedings in a case where (1) determining that this Court has jurisdiction would require it to split with the Federal Circuit, in the face of precedent calling for deference, and (2) even if this Court believed it had jurisdiction, it would be addressing a merits issue already before the Supreme Court.

     5.    Moreover, abeyance would not prejudice plaintiffs' interests with respect to their principal challenge to the IEEPA tariffs. If the Supreme

Court affirms the Federal Circuit's ruling, that decision would be controlling precedent here. And if the Supreme Court disagrees with the Federal Circuit's view of the merits, plaintiffs could not prevail on their challenge to the IEEPA tariffs in this Court in any event.

6. Plaintiffs' challenge to the legality of tariffs imposed under Section 232 will not be controlled by the Supreme Court's disposition of *V.O.S. Selections*. That challenge does not support proceeding with the case instead of holding it in abeyance. Plaintiffs present scarcely any arguments addressed to jurisdiction or the merits of their challenge to the Section 232 tariffs. And as our brief explains, the Federal Circuit has already upheld the CIT's jurisdiction over Section 232 tariffs and rejected several challenges to Section 232 tariffs. *See* Resp. Br. 12-13. Plaintiffs' insubstantial challenge to Section 232 tariffs does not counsel moving forward with their appeal despite the appeal's substantial overlap with pending Supreme Court proceedings in *V.O.S. Selections* and the complete overlap of the related case in this Court, *California v. Trump*, No. 25-3493, with those proceedings. If the Court holds *California* in abeyance, as it should, it should treat this case the same way, just as it has treated the cases in parallel for briefing and argument to this point.

7. For all those reasons, abeyance is warranted.

        Respectfully submitted,

        BRETT A. SHUMATE
          *Assistant Attorney General*

        */s/ Sarah Welch*
        SARAH WELCH
          *Counsel to the Assistant Attorney General*

        MARK R. FREEMAN
        MICHAEL S. RAAB
        BRAD HINSHELWOOD
        DANIEL WINIK
        SOPHIA SHAMS
          *Attorneys, Appellate Staff*
          *Civil Division, Room 7264*
          *U.S. Department of Justice*
          *950 Pennsylvania Ave., NW*
          *Washington, DC 20530*
          *sophia.shams@usdoj.gov*
          *(202) 514-2495*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 987 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Sarah Welch*
SARAH WELCH
