IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN WEBBER, et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants-Appellees. | No. 25-2717 |

**RENEWED MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

The government respectfully renews its request that this Court hold this case in abeyance, and remove the scheduled oral argument from the calendar, pending the Supreme Court's forthcoming decision in *Trump v. V.O.S. Selections, Inc.*, No. 25-250, and *Learning Resources, Inc. v. Trump*, No. 24-1287. This Court previously denied the government's motion while stating that it could be renewed "if the Supreme Court grants a petition for a writ of certiorari in either *Trump v. V.O.S. Selections, Inc.*, No. 25–250, or *Learning Resources, Inc. v. Trump*, No. 24–1287." Both of those petitions have now been granted. Plaintiffs oppose this motion.

1. This case principally presents a challenge to the President's authority under the International Emergency Economic Powers Act (IEEPA), Pub. L. No. 95-223, Tit. II, 91 Stat. 1626, to impose tariffs to address certain national emergencies. The district court held that it lacked jurisdiction because the Court of International Trade (CIT) possesses exclusive jurisdiction over tariff matters, 28 U.S.C. § 1581(i)(1)(B), (D).

2. The same IEEPA tariffs challenged here were also challenged on the same grounds in a suit in the CIT, which held that the tariffs exceeded the President's authority and enjoined their enforcement. The en banc Federal Circuit stayed that injunction. *V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290 (Fed. Cir. June 10, 2025). After briefing and argument, the en banc Federal Circuit unanimously affirmed the CIT's determination that it had jurisdiction. *See V.O.S. Selections, Inc. v. Trump*, 2025 WL 2490634, at *8-9 (Fed. Cir. Aug. 29, 2025) (per curiam); *id.* at *24 (Taranto, J., dissenting) ("agree[ing] with the majority's decision on jurisdiction"). The Federal Circuit majority then affirmed the CIT's ruling on the merits, *id.* at *10-17, while remanding for further consideration of the remedy, *id.* at *17-18. The court stayed its mandate pending Supreme Court review, *V.O.S. Selections, Inc. v.*

*Trump*, 2025 WL 2493525 (Fed. Cir. Aug. 29, 2025), with the consequence that the stay pending appeal remains in effect.

3. Yesterday, the Supreme Court granted the government's petition for certiorari in the Federal Circuit case, along with a motion to expedite the certiorari-stage and merits proceedings in the Supreme Court. *Trump v. V.O.S. Selections, Inc.*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025). The Court also granted a petition for certiorari before judgment in another case arising (like this one) from a district court rather than the CIT. *Learning Resources, Inc. v. Trump*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025). Briefing will be complete on October 30, and the cases will be heard during the Court's November sitting. *Id.*

4. In light of the rapid schedule for forthcoming proceedings in the Supreme Court and the Federal Circuit's unanimous ruling on jurisdiction, it would be a waste of judicial resources for this Court to hear and decide this case before the Supreme Court has resolved the proceedings before it. The merits of plaintiffs' claims overlap substantially with those before the Supreme Court in *V.O.S. Selections*. Although the implication of plaintiffs' arguments here would be that the CIT (and the Federal Circuit) lacked jurisdiction in that case, not only did the Federal Circuit unanimously conclude

- 3 -

that the CIT has exclusive jurisdiction to hear challenges to tariffs imposed under IEEPA, *V.O.S. Selections*, 2025 WL 2490634, at *8-9; *id.* at *24 (Taranto, J., dissenting), but also the Supreme Court has granted certiorari in *Learning Resources*, which arises from a district court. There is thus no doubt that the Supreme Court will be able to reach and resolve the merits.

5. Moreover, abeyance would not prejudice plaintiffs' interests with respect to their principal challenge to the IEEPA tariffs. The Supreme Court's decision will determine the lawfulness of the IEEPA tariffs challenged here independent of any relief plaintiffs might obtain from this Court. In addition, plaintiffs have separately sought to intervene in the pending Supreme Court case. Mot., *V.O.S. Selections*, No. 25-250 (U.S. filed Sept. 10, 2025). The Supreme Court is thus positioned to determine whether plaintiffs' separate participation in the proceedings pending before that Court is warranted.

6. Plaintiffs' challenge to the legality of tariffs imposed under Section 232 will not be controlled by the Supreme Court's disposition of *V.O.S. Selections*. That challenge does not support proceeding with the case instead of holding it in abeyance. Plaintiffs present scarcely any arguments addressed to jurisdiction or the merits of their challenge to the Section 232

tariffs. And as our brief explains, the Federal Circuit has already upheld the CIT's jurisdiction over Section 232 tariffs and rejected several challenges to Section 232 tariffs. *See* Resp. Br. 12-13. Plaintiffs' insubstantial challenge to Section 232 tariffs does not counsel moving forward with their appeal despite the appeal's substantial overlap with pending Supreme Court proceedings in *V.O.S. Selections* and the complete overlap of the related case in this Court, *California v. Trump*, No. 25-3493, with those proceedings. If the Court holds *California* in abeyance, as it should, it should treat this case the same way, just as it has treated the cases in parallel for briefing and argument to this point.

    7.    For all those reasons, abeyance is warranted.

    Respectfully submitted,

    BRETT A. SHUMATE
     *Assistant Attorney General*

    */s/ Sarah Welch*
    SARAH WELCH
     *Counsel to the Assistant Attorney General*

    MARK R. FREEMAN
    MICHAEL S. RAAB
    BRAD HINSHELWOOD
    DANIEL WINIK

SOPHIA SHAMS
*Attorneys, Appellate Staff*
*Civil Division, Room 7264*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
*sophia.shams@usdoj.gov*
*(202) 514-2495*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 849 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Sarah Welch*
SARAH WELCH