**No. 25-2717**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUSAN WEBBER, et al.,

Plaintiffs-Appellants,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Montana

**APPELLEES' NOTICE**

BRETT A. SHUMATE
  *Assistant Attorney General*

KURT G. ALME
  *United States Attorney*

SARAH WELCH
  *Counsel to the Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
BRAD HINSHELWOOD
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-3180

Pursuant to the Court's order of January 8, 2026, the government notifies the Court that this morning, the Supreme Court decided *Trump v. V.O.S. Selections, Inc.*, No. 25-250, and *Learning Resources, Inc. v. Trump*, No. 24-1287. The Court's decision specifically addressed the jurisdiction of the Court of International Trade. It held:

> [T]he *V.O.S. Selections* case falls within the exclusive jurisdiction of the CIT. The plaintiffs' challenges "arise[] out of" modifications to the HTSUS. 28 U. S. C. §1581(i)(1). Where, as here, such modifications are made under an "Act[] affecting import treatment," 19 U.S.C. § 2483, they are "considered to be statutory provisions of law for all purposes," §3004(c)(1)(C). Thus, the plaintiffs' challenges "arise[] out of [a] law of the United States providing for . . . tariffs." 28 U. S. C. §1581(i)(1). For the same reasons, the United States District Court for the District of Columbia lacked jurisdiction in the Learning Resources case.

*Learning Resources, Inc. v. Trump*, 607 U.S. __, 2026 WL 477534, at *6 n.1 (Feb. 20, 2026); *see id.* at 77 n.25 (Kavanaugh, J., dissenting) (noting "agree[ment] with footnote 1 of the Court's opinion regarding jurisdiction").

That holding confirms that the district court correctly held that it lacked subject-matter jurisdiction over this suit and that the appropriate course was to transfer this case to the CIT, which has exclusive jurisdiction over this action. Plaintiffs' challenges all "'arise[] out of' modifications to the

1

HTSUS" that were "made under an 'Act[] affecting import treatment.'" *Id.* (citing 28 U.S.C. § 1581(i)(1) and 19 U.S.C. § 2483).

For the reasons explained in our briefs, this Court lacks appellate jurisdiction over plaintiffs' appeal from the district court's transfer order. The Supreme Court's decision does not alter that conclusion, and the appeal could properly be dismissed on that basis. But in light of the Supreme Court's decision, this Court can bypass the question of appellate jurisdiction and affirm the district court's transfer order. This Court has recognized that it can bypass questions of statutory jurisdiction and resolve a case on the merits where the result "has been foreordained by another case such that the jurisdictional question could have no effect on the outcome." *Bakalian v. Central Bank of Republic of Turkey*, 932 F.3d 1229, 1236 (9th Cir. 2019) (quotations omitted). The Supreme Court's decision has "foreordained" the result here, leaving no doubt that the transfer order was correct and that this case can be heard only in the CIT.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

KURT G. ALME
  *United States Attorney*

MARK R. FREEMAN
MICHAEL S. RAAB
BRAD HINSHELWOOD
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*

 */s/ Sarah Welch*
   SARAH WELCH
   *Counsel to the Assistant Attorney
      General, Civil Division*
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 514-3180
   sarah.e.welch@usdoj.gov