No. 25-2717

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Susan Webber, Jonathan St. Goddard,
Rhonda Mountain Chief and David Mountain Chief,
*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, THE UNITED
STATES OF AMERICA, and,
in her official capacity, KRISTI NOEM
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Montana
No. CV 25-26-GF-DLC
Hon. Dana Christensen

**APPELLANTS' STATUS REPORT**

Monica J. Tranel
TRANEL LAW FIRM, P.C.
401 Washington Street
Missoula, MT 59802
(406) 926-2662
*mtranel@tranelfirm.com*
*Attorneys for Appellants*
Susan Webber, Jonathan St. Goddard,
Rhonda Mountain Chief and David Mountain Chief

In accordance with this Court's January 8, 2026 Order (Doc. No. 74), the U.S. Supreme Court issued its decision in the consolidated cases of *Trump v. V.O.S. Selections, Inc.*, No. 25-250, and *Learning Resources, Inc. v. Trump*, 607 U.S. __, 2026 WL 477534, on February 20, 2026.

1. The Supreme Court conclusively established that the Executive Branch has no statutory or inherent authority to unilaterally impose tariffs as it did under Executive Order No. 14193, 90 Fed. Reg. 9113 (2025), as amended, and Exec. Order No. 14257, 90 Fed. Reg. 15041 (2025), as amended. Article I, Section 8, of the Constitution sets forth the power of Congress to tax — "the one great power upon which the whole national fabric is based." *Learning Resources*, 607 U.S. at 5, citing *Nicol v. Ames*, 173 U. S. 509, 515 (1899), also concurring opinion of Gorsuch, J., at p. 7 ("the President is attempting to exercise the " 'core congressional power' " over taxes and tariffs, a power Article I of the Constitution vests in Congress alone"). This Court can — and should — apply the Supreme Court's separation-of-powers paradigm to recognize that the Executive similarly lacks any constitutional authority to regulate tribal commerce.

2. The jurisdictional question regarding Tribal commerce remains unresolved. While Footnote 1 of the *Learning Resources* decision noted that standard statutory challenges to foreign commerce tariffs belong in the Court of International Trade (CIT), the Supreme Court did not address the unique

jurisdictional routing of constitutional claims involving *tribal* commerce. *Learning Resources*, n. 1. The *Learning Resources* and *V.O.S. Selections* plaintiffs were standard commercial entities. Webber's challenge to the President's power to act are constitutional claims arising out of Article I, Section 3, Cl. 8 and Article VI and the Treaties of Jay, Greenville, and Spring Wells. This footnote does not dispose of the core constitutional issue at stake here: Webber's claims remain within the exclusive jurisdiction of the Montana District Court, not the CIT.

3. The CIT lacks jurisdiction over unique constitutional and treaty claims in Indian Law. Because Webber challenges the Executive's fundamental constitutional power to interfere with tribal commerce under the Indian Commerce Clause and Article VI (Treaties), this case falls outside the CIT's narrow statutory mandate. The Commerce Clause draws a clear distinction between "States," "foreign Nations," and "Indian Tribes." The CIT's jurisdiction is limited to foreign commerce. The CIT handles international trade disputes, not foundational questions of Indian jurisprudence and Native American treaty rights. The CIT does not have subject matter jurisdiction over constitutional Indian law claims.

4. The case must be remanded to the Montana District Court. The Supreme Court's affirmation of the separation of powers principles applies with even greater force here. The Indian Commerce Clause vests exclusive power in Congress to regulate commerce with Indian Tribes, and federal courts have

exclusive jurisdiction to hear constitutional challenges by tribal members asserting those rights. The Supreme Court's decision in *Learning Resources* affirms the logical paradigm that federal courts must decide constitutional questions of tribal commerce under Article I and Article VI. The Supreme Court's separation of powers framework applies to the jurisdictional question. The Montana District Court is the constitutionally mandated forum for these claims.

This Court should remand the case to the Montana District Court with instructions to apply the *Learning Resources* precedent to the merits of Webber's constitutional and treaty-based claims.

DATED this 23rd day of February, 2026.

                                     TRANEL LAW FIRM P.C.

                                       */s/ Monica J. Tranel*
                                     Monica J. Tranel
                                     *Attorneys for Appellants*